Ludeling, C. J.
This is a suit for $764 20, for levee dues charged against the defendant, for barges and flatboats belonging to the company, and lying at the wharves of the company.
It is admitted the charges are correct if due by the defendant. It is admitted that the barges, etc., were moored at the wharf described in the resolution adopted by the General Assembly in March, 1869, which is situated in the Delord suburb of this city, and that the company was in possession of said wharf, under said resolution, during the *415 period for which the charges are made; and that the barges, etc., were used in the business of the company.
The defense is that under said resolution of the General Assembly the defendant is exempted from wharfage dues for barges, etc., which land at the said wharf.
The city urges three objections to this joint resolution.
First — Its unconstitutionally, because its title does not declare its-object, and because its provisions create an inequality in taxation.
Second — Because the Legislature has not the power to control the municipal wharves and levees, and the dues and charges arising therefrom.
Third — Because the Legislature transcended legislative power by donating public revenues to a private purpose.
The title of the resolution is, “ A Joint Resolution in relation to the New Orleans, Mobile and Chattanooga Railroad Company, a corporation of the State of Alabama.” It gave the company the right to inclose and occupy for its purposes and uses, that portion of the levee batture and wharf in New Orleans, in front of the riparian property which the company had acquired. The act further exempted from the payment of wharfage and levee dues, vessels, etc., landing at said wharf with the consent of the company, and imposed the obligation on the company to maintain and keep in repair said wharf.
First — We think the title sufficiently discloses the object of the resolution. See 14 An. 7, Williams v. Paysan; 9 An. 329; 20 An. 196, Police Jury v. Colomb. There is no question of taxation in this case.
Second — The public servitude along the banks of rivers in Louisiana is under the control of the General Assembly. C. C. 453, 455, 458. The right of the General Assembly to grant the right to corporations or individuals to make and maintain wharves has been long settled. 5 An. 661; 15 An. 577 ; 22 An. 545; 6 N. Y. 523; 26 N. Y. 287.
Third — In the ease now under consideration, the State granted the right to the riparian owner. This is permissible. 1 Black. 1.
Nor was the grant a donation of public revenues to a private purpose. The grant is a license to a railroad company to use its property on the river bank for public purposes, to wit: to facilitate the transaction of its business with the public. It was the control, by the Legislature, of a public servitude.
It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.